Per Curiam.

Defendant after service of the summons and complaint failed to appear or answer and an inquest was taken. On motion to open the default it appears that defendant claims to have turned the process over to her insurance carrier and believed it was defending the action. Without passing on the merits of this claim as an excusable neglect it cannot be availing here. Prior to moving for judgment and taking the inquest, plaintiff notified defendant by registered mail on two occasions that no appearance had been made and giving defendant an opportunity to appear. Beceipt of these letters is admitted and the benefit of legal advice in connection with them. In view of this something more than a blind reliance on the carrier is called for. The failure to take any step except to forward the letters to the insurer becomes inexcusable. Defendant was now advised that the carrier had not appeared and she neither appeared herself nor sought or received any assurance from *584 the carrier that it would appear. Reliance under these circumstances is not excusable.
The order opening defendant’s default should be reversed, with $10 costs and disbursements, and motion denied.
Concur — Hecht, J. P., Stetjer and Timer, JJ.
Order reversed, etc.